FILED

FEB 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>HOLOGENIX, LLC,<br><br>　　　　Defendant - Appellant. | No. 24-2881, 24-2883, 24-2884<br><br>D.C. No. 2:22-cv-07510-FMO<br>Central District of California, Los Angeles<br><br>ORDER |

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

We lack jurisdiction over these appeals. Because the district court's orders required the bankruptcy court to conduct additional fact-finding on remand, the orders are not final and we have no jurisdiction to review them. Accordingly, we dismiss these appeals. Because these appeals are dismissed, we deny the pending requests for judicial notice (Case No. 24-2881, Dkt. Nos. 9 and 37).

Appellant Hologenix is a debtor, and Appellee Multiple Energy Technologies (MET) is a creditor of Hologenix. In 2022, a bankruptcy court (1) confirmed Hologenix's reorganization plan; (2) granted summary judgment for Hologenix, ruling that Hologenix could avoid a preferential transfer it had made to MET; and (3) authorized Hologenix to assume an executory employment contract with Hologenix's CEO. On appeal, the district court held that the bankruptcy court (1)

improperly overlooked a substantial part of the reorganization plan when deciding to confirm it as "fair and equitable" under 11 U.S.C. § 1191(c); (2) failed to give appropriate weight to a piece of evidence on summary judgment in deciding that the preferential transfer could be avoided; and (3) applied the incorrect legal standard when deciding to authorize assumption of the executory employment contract. The district court remanded the matter to the bankruptcy court for further fact-finding.

Hologenix appeals these three district court rulings to us under 28 U.S.C. § 158(d)(1), which permits us to hear "appeals from all final decisions, judgments, orders, and decrees" issued from a district court that is acting in a bankruptcy appellate capacity. 28 U.S.C. § 158(d)(1); 28 U.S.C. § 158(a). We have jurisdiction to determine our jurisdiction, and we consider the question de novo. *Gugliuzza v. FTC* (*In re Gugliuzza*), 852 F.3d 884, 889 (9th Cir. 2017). Here, the district court's holdings are not "final," and we therefore lack jurisdiction.

In the bankruptcy context, an order is "final" if it "alters the status quo and fixes the rights and obligations of the parties" such that it ends a "discrete dispute[]." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501–02 (2015). "A decision that remands a case for further fact-finding will rarely have this degree of finality, unless the remand order is limited to ministerial tasks." *In re Gugliuzza*, 852 F.3d at 897; *see also Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1158 (9th Cir. 2017). Each of the district court's orders here requires the bankruptcy court to engage in fact-

finding and legal analysis that represent far more than mere "mechanical or computational" ministerial tasks. *In re Gugliuzza*, 852 F.3d at 899 (citation modified).

First, without concluding whether the reorganization plan unfairly discriminated against MET, the district court remanded the matter to the bankruptcy court to consider previously overlooked parts of the plan. The district court left open the possibility that the bankruptcy court could confirm the same plan or confirm a different plan. This "[d]enial of [plan] confirmation with leave to amend . . . changes little," and the parties' rights and obligations remain unsettled such that there is no finality here. *Bullard*, 575 U.S. at 503; *see also Bank of New York Mellon*, 867 F.3d at 1158.

Second, the district court's denial of the bankruptcy court's summary judgment order avoiding a preferential transfer is not final. The bankruptcy court could still grant summary judgment after giving appropriate weight to the piece of evidence that the district court required the bankruptcy court to consider, or the bankruptcy court could decline to grant summary judgment, leaving the parties with unsettled obligations and rights until the end of the trial.

Third, the district court's judgment reversing the bankruptcy court's order authorizing assumption of an executory contract is not final. The district court held that the bankruptcy court wrongly applied the business judgment rule and that the

bankruptcy court should have instead evaluated the propriety of the contract assumption under the "inherent fairness" standard.  When a district court determines that a bankruptcy court applied "an incorrect legal standard" and remands to the bankruptcy court to apply the correct standard and engage in further fact-finding, that determination is not final.  *See e.g.*, *Sahagun v. Landmark Fence Co., Inc.* (*In re Landmark Fence Co., Inc.*), 801 F.3d 1099, 1101–03 (9th Cir. 2015).[1]

This court's four-factor test used to determine the finality of a case involving a remand to the bankruptcy court confirms these conclusions.  This court examines "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm."  *Id.* at 1102.

All these factors weigh in favor of dismissing for lack of jurisdiction.  With respect to the first two factors, "dismissal serves judicial efficiency and avoids piecemeal litigation by allowing the bankruptcy court to make additional findings of fact and conclusions of law before we exercise our jurisdiction.  If we were to resolve [appellant's] appeals now, the parties would almost certainly climb back up the appellate ladder."  *Ocwen Loan Servicing, LLC v. Marino* (*In re Marino*), 949 F.3d 483, 487 (9th Cir. 2020).  With respect to the third factor, requiring the bankruptcy

---

[1] Because we dismiss for lack of jurisdiction, we express no view on the merits of the district court's decision.

court to resolve issues of fact in the first instance preserves its proper role. And with respect to the final factor, neither party will suffer "irreparable harm," as the mere fact of delay and incurring fees does not qualify. *See In re Landmark Fence*, 801 F.3d at 1103 ("That the plaintiff class has endured a significant delay . . . is regrettable, but not irreparable."); *In re Marino*, 949 F.3d at 488 ("Litigation costs generally do not qualify as irreparable harm.").

**APPEALS DISMISSED.**